## MATTHEW STARBUCK *vs.* JOHN H. SHAW.

In the absence of any special agreement or usage, one partowner of a ship, who has contributed with the others, in proportion to their interests, to her outfit for a whaling voyage, is not liable, while the adventure is unfinished, to an action at law for his proportion of the amount of a bill of exchange drawn by the master in a foreign port upon the managing owner and paid by him; and such liability is not therefore the subject of a set-off in an action at law.

ACTION OF CONTRACT on a promissory note payable to the plaintiff or order. The defendant filed a declaration in set-off alleging that the plaintiff was a joint owner with him and others of the Ship Barclay, the plaintiff owning one eighth; that the master of the ship drew a bill of exchange for $3384.48 on the defendant as agent of the owners of the vessel, for her use in a foreign port, and for other expenses of the voyage, which bill was paid by the defendant; and that the plaintiff owed the defendant the sum of $438.82, being the plaintiff's contributory share of the amount of that bill.

Trial in the court of common pleas at Nantucket at October term 1857, before *Sanger*, J., who signed a bill of exceptions, which stated the pleadings, and the residue of which was as follows : " The plaintiff asked the court to rule that the foregoing claim of the defendant was not a legal matter of set-off to the plaintiff's action. But the court ruled that it was a proper matter of set-off, and the jury found a verdict for the defendant in the sum of $139.04 ; and to this ruling the plaintiff excepted."

*S. Bartlett*, for the plaintiff, cited *Holderness* v. *Shackels*, 8 B. & C. 612; *Nicoll* v. *Mumford*, 4 Johns. Ch. 522 and 20 Johns. 611; *Williams* v. *Henshaw*, 11 Pick. 79; Story on Part. §§ 408, 443, 444.

*J. C. Stone*, for the defendant, cited Abbott on Shipping, (7th ed.) 107; Story on Part. §§ 419, 440; Collyer on Part. book 5, *c.* 3, sect. 4.

BIGELOW, J. The only question in this case is, whether the defendant can maintain his claim in set-off. It was stated at

the argument of the case, and admitted by the counsel for the respective parties, although not fully set out in the bill of exceptions, that the debt which the defendant seeks to prove in set-off to the plaintiff's claim upon the note declared on was incurred under the following circumstances : The plaintiff and defendant together with sundry other persons are part-owners of a ship called the Barclay, in different proportions, the plaintiff being the owner of one eighth ; the ship was fitted out for a whaling voyage in distant seas ; the owners of the vessel were jointly interested in the adventure or voyage in the same proportions in which they own the vessel, and contributed in like proportion towards the expenses and charges of preparing the vessel and procuring her outfits, and are to share in the profits and losses resulting from it accordingly ; the defendant is the managing owner, and as such the agent of the other owners for fitting out and preparing the vessel, paying the necessary charges and expenses incurred during the prosecution of the adventure, receiving the catchings or proceeds, and settling up the accounts of the respective owners with each other at the termination of the voyage ; the voyage has not yet been completed ; and the debt which is now claimed to be set off in this suit was the proportion or share, being one eighth, which the plaintiff was bound to pay, as one of the partners jointly interested in the voyage, of a certain bill of exchange drawn on the plaintiff by the master of the vessel, to enable him to pay for supplies furnished to the vessel in a foreign port, and which had been paid by the plaintiff.

Upon these facts, which are not controverted, it seems to be very clear that the parties, so far as this voyage and adventure are concerned, sustain towards each other the relation of copartners. They are jointly interested in a mercantile enterprise to which they have respectively contributed in certain proportions their capital ; they are joint owners of the property embarked in the transaction, and are to share the profits and losses which may result from the joint business in which they have engaged. The elementary definition of a partnership is an agreement between two or more persons to share the profits and losses of

their joint undertaking, whether it have reference to a trade or business, or merely to some particular adventure.

Such being the legal relation of the parties, in the absence of any proof of a special agreement between them, or of a usage or custom of trade which changes their relative rights and liabilities, it is clear that the defendant cannot maintain his set-off. He has no right of action at law against the plaintiff. While the partnership is still in existence and its affairs are unsettled, and the result of the joint business or undertaking is unknown and uncertain, one copartner cannot maintain an action at law against his copartner to recover money advanced by him in carrying on the joint business beyond the just proportion which he is bound to pay. It is only after a dissolution of a copartnership, when there is a balance due after all the debts of the firm are paid, so that the recovery of this balance due to one of the firm from his copartners will effect a final settlement between the copartners, that an action at law can be maintained by one copartner against another. *Sikes* v. *Work*, 6 Gray, 433, & cases cited. *Shattuck* v. *Lawson*, *ante*, 407.

It is quite possibl~ that the defendant may be able to prove at another trial that a usage prevails in the conduct and management of the whale fishery, which will authorize him to require immediate payment by his copartners of advances made under circumstances such as were disclosed by the evidence in this case. But no such usage was attempted to be proved at the trial, and the counsel for the plaintiff do not admit its existence.

*Exceptions sustained.*